IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 06-26 |
| | ) | |
| CYRIL H. WECHT | ) | |

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, Robert S. Cessar, First Assistant United States Attorney, and Stephen S. Stallings, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I.  THE INDICTMENT

A Federal Grand Jury returned a 84-count Indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Wire Fraud<br>February 12, 2002 | 18 U.S.C. §§<br>1343, 1346 & 2 |
| 2 | Wire Fraud<br>April 29, 2002 | 18 U.S.C. §§<br>1343, 1346 & 2 |
| 3 | Wire Fraud<br>June 3, 2002 | 18 U.S.C. §§<br>1343, 1346 & 2 |
| 4 | Wire Fraud<br>November 21, 2002 | 18 U.S.C. §§<br>1343,& 1346 & 2 |
| 5 | Wire Fraud<br>May 22, 2003 | 18 U.S.C. §§<br>1343,& 1346 & 2 |

| | | |
|---|---|---|
| 5 | Wire Fraud<br>May 22, 2003 | 18 U.S.C. §§<br>1343,& 1346 & 2 |
| 6 | Wire Fraud<br>June 26, 2003 | 18 U.S.C. §§<br>1343,& 1346 & 2 |
| 7 | Wire Fraud<br>September 3, 2003 | 18 U.S.C. §§<br>1343,& 1346 & 2 |
| 8 | Wire Fraud<br>September 3, 2003 | 18 U.S.C. §§<br>1343,& 1346 & 2 |
| 9 | Wire Fraud<br>September 3, 2003 | 18 U.S.C. §§<br>1343,& 1346 & 2 |
| 10 | Wire Fraud<br>September 23, 2003 | 18 U.S.C. §§<br>1343,& 1346 & 2 |
| 11 | Wire Fraud<br>September 2003 | 18 U.S.C. §§<br>1343,& 1346 & 2 |
| 12 | Wire Fraud<br>October 1, 2003 | 18 U.S.C. §§<br>1343,& 1346 & 2 |
| 13 | Wire Fraud<br>October 24, 2003 | 18 U.S.C. §§<br>1343, 1346 & 2 |
| 14 | Wire Fraud<br>October 24, 2003 | 18 U.S.C. §§<br>1343, 1346 & 2 |
| 15 | Wire Fraud<br>October 24, 2003 | 18 U.S.C. §§<br>1343, 1346 & 2 |
| 16 | Wire Fraud<br>January 15, 2004 | 18 U.S.C. §§<br>1343, 1346 & 2 |
| 17 | Wire Fraud<br>January 22, 2004 | 18 U.S.C. §§<br>1343, 1346 & 2 |
| 18 | Wire Fraud<br>May 19, 2004 | 18 U.S.C. §§<br>1343, 1346 & 2 |
| 19 | Wire Fraud<br>June 4, 2004 | 18 U.S.C. §§<br>1343, 1346 & 2 |
| 20 | Wire Fraud<br>June 10, 2004 | 18 U.S.C. §§<br>1343, 1346 & 2 |
| 21 | Wire Fraud<br>July 14, 2004 | 18 U.S.C. §§<br>1343, 1346 & 2 |

| | | |
|---|---|---|
| 22 | Wire Fraud<br>July 14, 2004 | 18 U.S.C. §§<br>1343, 1346 & 2 |
| 23 | Wire Fraud<br>August 24, 2004 | 18 U.S.C. §§<br>1343, 1346 & 2 |
| 24 | Wire Fraud<br>February 7, 2005 | 18 U.S.C. §§<br>1343, 1346 & 2 |
| 25 | Mail Fraud<br>January 29, 2003 | 18 U.S.C. §§<br>1341, 1346 & 2 |
| 26 | Mail Fraud<br>June, 2003 | 18 U.S.C. §§<br>1341, 1346 & 2 |
| 27 | Mail Fraud<br>July, 2003 | 18 U.S.C. §§<br>1341, 1346 & 2 |
| 28 | Mail Fraud<br>October, 2003 | 18 U.S.C. §§<br>1341, 1346 & 2 |
| 29 | Mail Fraud<br>May, 2004 | 18 U.S.C. §§<br>1341, 1346 & 2 |
| 30 | Mail Fraud<br>June 10, 2004 | 18 U.S.C. §§<br>1341, 1346 & 2 |
| 31 | Mail Fraud<br>June, 2004 | 18 U.S.C. §§<br>1341, 1346 & 2 |
| 32 | Mail Fraud<br>June 25, 2004 | 18 U.S.C. §§<br>1341, 1346 & 2 |
| 33 | Wire Fraud<br>February 12, 2002 | 18 U.S.C. §§<br>1343 & 2 |
| 34 | Wire Fraud<br>June 3, 2002 | 18 U.S.C. §§<br>1343 & 2 |
| 35 | Wire Fraud<br>June 11, 2002 | 18 U.S.C. §§<br>1343 & 2 |
| 36 | Wire Fraud<br>October 7, 2002 | 18 U.S.C. §§<br>1343 & 2 |
| 37 | Wire Fraud<br>August 21, 2003 | 18 U.S.C. §§<br>1343 & 2 |
| 38 | Wire Fraud<br>September 10, 2003 | 18 U.S.C. §§<br>1343 & 2 |
| 39 | Wire Fraud<br>March 23, 2004 | 18 U.S.C. §§<br>1343 & 2 |

| | | |
|---|---|---|
| 40 | Wire Fraud<br>April 20, 2004 | 18 U.S.C. §§ 1343 & 2 |
| 41 | Wire Fraud<br>April 1, 2004 | 18 U.S.C. §§ 1343 & 2 |
| 42 | Wire Fraud<br>March 9, 2004 | 18 U.S.C. §§ 1343 & 2 |
| 43 | Mail Fraud<br>January 23, 2001 | 18 U.S.C. §§ 1341 & 2 |
| 44 | Mail Fraud<br>February 8, 2001 | 18 U.S.C. §§ 1341 & 2 |
| 45 | Mail Fraud<br>February 8, 2001 | 18 U.S.C. §§ 1341 & 2 |
| 46 | Mail Fraud<br>March 12, 2001 | 18 U.S.C. §§ 1341 & 2 |
| 47 | Mail Fraud<br>May 10, 2001 | 18 U.S.C. §§ 1341 & 2 |
| 48 | Mail Fraud<br>June 7, 2001 | 18 U.S.C. §§ 1341 & 2 |
| 49 | Mail Fraud<br>June 11, 2001 | 18 U.S.C. §§ 1341 & 2 |
| 50 | Mail Fraud<br>July 11, 2001 | 18 U.S.C. §§ 1341 & 2 |
| 51 | Mail Fraud<br>July 13, 2001 | 18 U.S.C. §§ 1341 & 2 |
| 52 | Mail Fraud<br>October 3, 2001 | 18 U.S.C. §§ 1341 & 2 |
| 53 | Mail Fraud<br>October 12, 2001 | 18 U.S.C. §§ 1341 & 2 |
| 54 | Mail Fraud<br>November 9, 2001 | 18 U.S.C. §§ 1341 & 2 |
| 55 | Mail Fraud<br>December 6, 2001 | 18 U.S.C. §§ 1341 & 2 |
| 56 | Mail Fraud<br>January 10, 2002 | 18 U.S.C. §§ 1341 & 2 |
| 57 | Mail Fraud<br>February 5, 2002 | 18 U.S.C. §§ 1341 & 2 |

| | | |
|---|---|---|
| 58 | Mail Fraud<br>April 3, 2002 | 18 U.S.C. §§ 1341 & 2 |
| 59 | Mail Fraud<br>April 3, 2002 | 18 U.S.C. §§ 1341 & 2 |
| 60 | Mail Fraud<br>May 8, 2002 | 18 U.S.C. §§ 1341 & 2 |
| 61 | Mail Fraud<br>May 22, 2002 | 18 U.S.C. §§ 1341 & 2 |
| 62 | Mail Fraud<br>July 18, 2002 | 18 U.S.C. §§ 1341 & 2 |
| 63 | Mail Fraud<br>October 2, 2002 | 18 U.S.C. §§ 1341 & 2 |
| 64 | Mail Fraud<br>October 31, 2002 | 18 U.S.C. §§ 1341 & 2 |
| 65 | Mail Fraud<br>November 7, 2002 | 18 U.S.C. §§ 1341 & 2 |
| 66 | Mail Fraud<br>January 27, 2003 | 18 U.S.C. §§ 1341 & 2 |
| 67 | Mail Fraud<br>March 11, 2003 | 18 U.S.C. §§ 1341 & 2 |
| 68 | Mail Fraud<br>April 8, 2003 | 18 U.S.C. §§ 1341 & 2 |
| 69 | Mail Fraud<br>July 9, 2003 | 18 U.S.C. §§ 1341 & 2 |
| 70 | Mail Fraud<br>July 24, 2003 | 18 U.S.C. §§ 1341 & 2 |
| 71 | Mail Fraud<br>September 22, 2003 | 18 U.S.C. §§ 1341 & 2 |
| 72 | Mail Fraud<br>November 11, 2003 | 18 U.S.C. §§ 1341 & 2 |
| 73 | Mail Fraud<br>March 1, 2004 | 18 U.S.C. §§ 1341 & 2 |
| 74 | Mail Fraud<br>April 22, 2004 | 18 U.S.C. §§ 1341 & 2 |
| 75 | Mail Fraud<br>May 11, 2004 | 18 U.S.C. §§ 1341 & 2 |

| | | |
|---|---|---|
| 76 | Mail Fraud<br>October 4, 2004 | 18 U.S.C. §§ 1341 & 2 |
| 77 | Mail Fraud<br>November 3, 2004 | 18 U.S.C. §§ 1341 & 2 |
| 78 | Mail Fraud<br>November 4, 2004 | 18 U.S.C. §§ 1341 & 2 |
| 79 | Mail Fraud<br>June 2, 2005 | 18 U.S.C. §§ 1341 & 2 |
| 80 | Theft Concerning Organization Receiving Federal Funds During Calendar Year 2001 | 18 U.S.C. §§ 666(a)(1)(A) & 2 |
| 81 | Theft Concerning Organization Receiving Federal Funds During Calendar Year 2002 | 18 U.S.C. §§ 666(a)(1)(A) & 2 |
| 82 | Theft Concerning Organization Receiving Federal Funds Calendar Year 2003 | 18 U.S.C. §§ 666(a)(1)(A) & 2 |
| 83 | Theft Concerning Organization Receiving Federal Funds Calendar Year 2004 | 18 U.S.C. §§ 666(a)(1)(A) & 2 |
| 84 | Theft Concerning Organization Receiving Federal Funds Calendar Year 2005 | 18 U.S.C. §§ 666(a)(1)(A) & 2 |

## II. **ELEMENTS OF THE OFFENSES**

A. As to Count 1-24 and 33-42:

In order for the crime of Wire Fraud, in violation of 18 U.S.C. §§ 1343, 1346 & 2 to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

    1. That there was a scheme or artifice to defraud or to obtain money, property, or the intangible right of honest

6

services by means of false or fraudulent pretenses, representations or promises.

Carpenter v. United States, 484 U.S. 19, 108 S. Ct. 316, 98 L.Ed.2d 275 (1987); United States v. Rafskey, 803 F.2d 105 (3d Cir. 1986); United States v. Zauber, 857 F.2d 137 (3d Cir. 1978); United States v. Condolon, 600 F.2d 7 (4th Cir. 1979); United States v. Louderman, 576 F.2d 1383 (9th Cir. 1978); United States v. Starr, 816 F.2d 94 (9th Cir. 1987); United States v. Tackett, 646 F.2d 1240 (8th Cir. 1981); 2 L. Sand, J. Siffert, W. Loughlin, S. Reiss, Modern Federal Jury Instructions, ¶44.01 (1989).

2. That the defendant knowingly and willfully participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud.

In Re Grand Jury Matter, Gronowicz, 764 F.2d 983 (3d Cir. 1985); United States v. Starr, 816 F.2d 94 (2d Cir. 1987); United States v. Stull, 743 F.2d 439 (6th Cir. 1984), cert. denied, 105 S. Ct. 1778 (1985); 2 L. Sand, J. Siffert, W. Loughlin, S. Reiss, Modern Federal Jury Instructions, ¶44.01 (1989).

3. That the use of interstate wires occurred in the execution or furtherance of the scheme or artifice to defraud.

United States v. Giovengo, 637 F.2d 941 (3d Cir. 1980); United States v. Goldberg, 830 F.2d 459 (3d Cir. 1987); United States v. Tarnopol, 561 F.2d 466 (3d Cir. 1977); 2 L. Sand, J. Siffert, W. Loughlin, S. Reiss, Modern Federal Jury Instructions, ¶44.01 (1989).

B.  As to Count 25-32 & 43-79:

In order for the crime of Mail Fraud, in violation of 18 U.S.C. §§ 1341, 1346 & 2 to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That there was a scheme or artifice to defraud and to obtain money, property, or the intangible right of honest services by means of false or fraudulent pretenses, representations or promises.

Dorland v. United States, 161 U.S. 306, 16 S. Ct. 508, 40 L.Ed.2d 709 (1896); McNally v. United States, 483 U.S. 350, 107 S. Ct. 2875, 97 L.Ed.2d 292 (1987); United States v. Asher, 854 F.2d 1483 (3d Cir. 1988); United States v. Frankel, 721 F.2d 917 (3d Cir. 1983); United States v. Pearlstein, 576 F.2d 531 (3d Cir. 1978); United States v. Zauber, 857 F.2d 137 (3d Cir. 1988); United States v. Martin, 788 F.2d 184 (3d Cir. 1986); 1A L. Sand, J. Siffert, W. Loughlin, S. Reiss, Modern Federal Jury Instructions, ¶44.01 (1992).

2. That the defendant knowingly and willfully participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with the specific intent to defraud or that the defendant knowingly and intentionally aided and abetted others in the scheme or artifice to defraud.

Carpenter v. United States, 484 U.S. 19, 107 S. Ct. 1601, 98 L.Ed.2d 275 (1987); United States v. Sturm, 671 F.2d 749 (3d Cir.), cert. denied, 459 U.S. 842 (1982); United States v. Boyer, 694 F.2d 58 (3d Cir. 1982); United States v. Klein, 515 F.2d 751

8

(3d Cir. 1975); United States v. Pearlstein, 576 F.2d 531 (3d Cir. 1978); 1A L. Sand, J. Siffert, W. Loughlin, S. Reiss, Modern Federal Jury Instructions, ¶44.01 (1992).

    3.  That the use of the United States mails or any private or commercial interstate carrier occurred in the execution or in furtherance of the scheme or artifice to defraud.

United States v. Maze, 414 U.S. 395, 94 S. Ct. 645, 38 L.Ed.2d 603 (1974); United States v. Sampson, 371 U.S. 75, 88 S. Ct. 173, 9 L.Ed.2d 136 (1962); Peirera v. United States, 347 U.S. 1, 74 S. Ct. 358, 98 L.Ed. 435 (1954); United States v. Ruuska, 883 F.2d 262 (3d Cir. 1989); United States v. Otto, 742 F.2d 104 (3d Cir. 1984), cert. denied, 469 U.S. 1196, 105 S. Ct. 978, 83 L.Ed.2d 980 (1985); United States v. Sturm, 671 F.2d 749 (3d Cir.), cert. denied, 459 U.S. 842 (1982); United States v. Schall, 371 F. Supp. 912 (W.D. Pa.), aff'd., 503 F.2d 1400 (3d Cir. 1974), cert. denied, 420 U.S. 993, 95 S. Ct. 1432, 43 L.Ed.2d 676, reh. denied, 421 U.S. 972, 95 S. Ct. 1970, 44 L.Ed.2d 463 (1975); 1A L. Sand, J. Siffert, W. Loughlin, S. Reiss, Modern Federal Jury Instructions, ¶44.01 (1992).

    C.  As to Counts 80-84:

    1.  In order for the crime of Theft Concerning Organization Receiving Federal Funds, in violation of 18 U.S.C. § 666(a)(1)(A), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. The defendant was an agent of an organization of government, or any agency of that government, such as Allegheny County.

2. The defendant stole, obtained by fraud, knowingly and without authority converted to the use of someone other than the rightful owner, or intentionally misapplied some money, property, or employee services.

3. The money, property, or employee services was owned by, or was under the care, custody or control of the organization.

4. The money, property, or employee services had a value of $5,000 or more.

5. The organization, in a one year period, received benefits of more than $10,000 under any Federal program involving a grant, contract subsidy, loan, guarantee, insurance or other assistance.

### III.  PENALTIES

A. As to Counts 1-24 & 33-42: Wire Fraud (18 U.S.C. §§ 1343 & 1346):

1. <u>Individuals</u> - The maximum penalties for individuals are:

(a) imprisonment for not more than five (5) years (18 U.S.C. § 1343); for offenses committed after July 29, 2002, imprisonment of not more than twenty (20) years (§ 1343, as amended by Public Law 107-204, July 30, 2002).

(b) a fine not more than the greater of;

(1) $250,000 (18 U.S.C. § 3571(b)(3));

<u>or</u>

(2) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

(c) a term of supervised release of not more than three (3) years or not more than five (5) years if the maximum imprisonment is twenty-five (25) years or more] (18 U.S.C. §§ 3559, 3583);

(d) any or all of the above.

B. As to Counts 25-32 and 43-79: Mail Fraud (18 U.S.C. §§ 1341, 1346 & 2):

1. <u>Individuals</u> - The maximum penalties for individuals are:

(a) imprisonment for not more than five (5) years (18 U.S.C. § 1341); for offenses committed after July 29, 2002, imprisonment of not more than twenty (20) years (§ 1341, as amended by Public Law 107-204, July 30, 2002).

(b) a fine not more than the greater of;

(1) $250,000 (18 U.S.C. § 3571(b)(3));

<u>or</u>

(2) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any

person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

(c) a term of supervised release of not more than three (3) years or not more than five (5) years if the maximum imprisonment is twenty-five (25) years or more] (18 U.S.C. §§ 3559, 3583);

(d) any or all of the above.

C. As to Counts 80-84: Theft concerning Organization Receiving Federal Funds (18 U.S.C. § 666(a)(1)(A)):

1. <u>Individuals</u> - The maximum penalties for individuals are:

(a) a term of imprisonment of not more than ten (10) years;

(b) a fine not more than the greater of;

(1) $250,000 (18 U.S.C. § 3571(b)(3));

<u>or</u>

(2) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

(c) a term of supervised release of not more than three (3) years (18 U.S.C. § 3583);

(d) any or all of the above.

12

### IV.  **MANDATORY SPECIAL ASSESSMENT**

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

### V.  **RESTITUTION**

Restitution may be required in this case as to Counts 1-84, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

Respectfully submitted,

MARY BETH BUCHANAN
United States Attorney

STEPHEN S. STALLINGS
Assistant U.S. Attorney
Fla. Bar No. 958859